## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BREYONNA BUSH, INDIA ROBERSON, and JAYLA HOWARD., Individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HZ OPS HOLDINGS, INC DBA POPEYES CHICKEN AND BISCUITS, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street Jefferson City, MO 65101<br><br>Defendant. | Case No. _____<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23<br><br>**JURY TRIAL DEMANDED** |

### CLASS AND COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, Breyonna Bush ("Plaintiff Bush"), India Roberson ("Plaintiff Roberson"), and Jayla Howard ("Plaintiff Howard") and for their Complaint against Defendant HZ Ops Holdings, Inc. ("Defendant"), state as follows:

### Nature of Case

This lawsuit is an FLSA Collective Action and a Rule 23 Class Action for unpaid wages and overtime pay violations. Plaintiffs bring claims individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and Putative Class Members") who worked for Defendant and were not compensated properly for all hours worked during the relevant statutes of limitation through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorney's fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), the Missouri Minimum Wage Law ("MMWL"), and the Texas's Wage Acts. Specifically, Defendant did not compensate employees at the mandatory minimum wage, failed to properly

Page 1

compensate overtime hours, retaliated against employees, and failed to provide employees with a statement of wages.

Plaintiff Bush will serve as the presentative of all opt-in plaintiffs who worked for HZ Ops in a nationwide FLSA collective action.

Plaintiff Bush will also serve as the Rule 23 representative for a sub-class of HZ Ops employees who worked for the company in Missouri.

Plaintiff Howard will serve as the Rule 23 representative for a sub-class of HZ Ops employees who worked for the company in Texas. Additionally, pursuant to principles of supplemental jurisdiction, Plaintiff Howard will pursue her own individual claim for failure to provide a statement of wages under the Texas Acts.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their respective state law claims are asserted as class actions under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I. THE PARTIES

1. Plaintiff Bush resides in St. Louis, Missouri.  A copy of Plaintiff Bush's consent-to-join form is attached hereto as Exhibit 1.

2. Plaintiff Roberson resides in St. Louis, Missouri.  A copy of Plaintiff's Roberson's consent-to-join form is attached hereto as Exhibit 2.

3. Plaintiff Howard resides in Houston, Texas.  A copy of Plaintiff Howard's consent-to-join form is attached hereto as Exhibit 3.

4. Plaintiffs were 'employees' as defined by 29 U.S.C. § 203(E).

5. Plaintiff Howard was an 'employee' as defined by Tex. Lab. Code § 61.001(3)(a).

6. Plaintiff Howard was under the age of eighteen (18) years old at the time of her employment, as defined by TX 51.002(1).

7. Plaintiff Bush and Plaintiff Roberson were "employees" as defined by the MMWL, Section 290.500 R.S.Mo. *et seq*.

8. Defendant HZ Ops Holdings, Inc. ("Defendant" or "HZ Ops") is a domestic, for-profit company registered to do business in the United States.

9. Defendant HZ Ops Holdings, Inc. is registered as a foreign corporation conducting business in Missouri, the registered agent is CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri, 65101.

10. Defendant is an 'employer' as defined by 29 U.S.C. § 203(D), Tex. Lab. Code § 61.001(4), and the MMWL, Section 290.500 R.S.Mo. *et seq*.

11. Defendant owns and operates more than six hundred seventy (670) units of Burger King and Popeyes Louisiana Chicken restaurants in Illinois, Texas, New England Arizona, Utah, Colorado, Missouri, and Ohio.

12. Plaintiff Howard was employed at the HZ Ops location at 202 Airtex Drive, Houston, TX, 77090.

13. Plaintiff Bush and Plaintiff Roberson were employed at the HZ Ops location at 2877 Target Dr., St. Louis, MO, 63136.

14. In 2018, the Popeyes corporate office that Plaintiff Howard contacted was located at 400 Perimeter Center Terrace, Suite 1000, Atlanta, Georgia 30346 and their phone number is 404-459-4450.

## II. VENUE AND JURISDICTION

15. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and class actions pursuant to the state laws of Texas and Missouri, and FED. R. CIV. P. 23 to recover unpaid wages and other applicable penalties.

16. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et seq*.

17. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. §§ 1332(d) and/or 1367.

18. This Court has personal jurisdiction over HZ Ops because the cause of action arose within this District as a result of HZ Ops' conduct within this District.

19. Venue is proper in the Eastern District of Missouri because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, HZ Ops has maintained a working presence throughout the State of Missouri, and Plaintiff Bush and Plaintiff Roberson resided in Saint Louis, Missouri throughout their employment with HZ Ops, all of which are located in this District and Division.

21. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## III. FACTS

### A. Texas Plaintiff- Jayla Howard

22. At the time of her employment, Plaintiff Howard was a full-time high school student at Andy Dekany High School.

23. Plaintiff Howard was seventeen (17) years of age during her employment with Defendant, in 2018.

24. Plaintiff Howard was employed as a team member by the Defendant from approximately November 2018 to February 2018.

25. At the time of hiring, Defendant agreed to compensate Plaintiff Howard at a rate of $8.50 per hour.

26. Plaintiff Howard did not receive pay stubs or pay checks from Defendant.

27. Plaintiff Howard was 'paid' on a VISA gift card. Plaintiff Howard never received a paystub.

28. Plaintiff Howard was never given an employee handbook.

29. Plaintiff Howard was told she would be compensated at $8.50 per hour. She typically worked about thirty-five (35) hours a week.

30. Plaintiff Howard was paid once in her three months as an employee. She was paid $120.00 on a VISA card in early February of 2018.

31. Plaintiff Howard contends her 'pay' on the VISA card was less than she should have earned at her stated rate of pay for all hours worked.

32. Plaintiff Howard attempted to contact the corporate office to obtain payment in late February via email, however, Plaintiff Howard was unsuccessful as the corporate office did not respond in a timely manner and never resolved her complaint.

33. Plaintiff Howard contends she was terminated in late February because she complained about not being paid in accordance with the law.

34. At the time of her firing, Plaintiff Howard's supervisor mentioned her complaint to corporate but said her firing was because her braids were a dress code violation. Plaintiff Howard had the braids since began working with the Defendant and contends that the braids were only a pretext for firing her.

35. The minimum wage in Texas in 2018 was $7.25 per hour. Defendant's failure to adequately compensate the Plaintiff Howard is a *per se* violation of Texas minimum wage laws. Tex. Lab. Code § 62.051.

36. The federal minimum wage in 2018 was $7.25 per hour. Defendant's failure to adequately compensate the Plaintiff Howard is a *per se* violation of the FLSA.

### B. Missouri Plaintiffs- Breyonna Bush and India Roberson

37. Plaintiff Bush was employed as a cook by the Defendant from approximately June 2019 and January 2020.

38. Plaintiff Bush was compensated at $9.00 an hour and typically worked between twenty (20) to forty (40) hours a week.

39. Plaintiff Bush was not given a meal break every day and when she did receive a break, they were cut short. Her breaks were typically ten (10) minutes long.

40. Plaintiff Bush often worked "off the clock" cooking until the next employee could take over her station.

41. Plaintiff Roberson was employed as a shift manager by the Defendant from approximately May 2019 to June 2020.

42. Plaintiff Roberson often worked over forty (40) hours a week. She was compensated at a rate of $10.00 per hour, although at the time of hiring she agreed to a rate of $12.50 per hour.

43. Plaintiff Roberson often worked "off the clock" cooking at her station until the next employee could take over the station.

44. When Plaintiff Roberson was compensated for her overtime work, she was compensated at $9.00 per hour.

45. Plaintiff Roberson also often worked "off the clock" at busy times.

46. Plaintiff Roberson was paid on a rapid! Paycard and often did not know how to breakdown hours and request her earned overtime pay.

### C. Establishing a Collective Class

47. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR HZ OPS HOLDINGS, INC. AT ANY TIME FROM AUGUST 19, 2017 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT WERE (A) NOT COMPENSTED AT MINMUM WAGE, (B) NOT GIVEN MEAL BREAKS, (C) RETALIATED AGAINST AND/OR (D) NOT PROPERLY COMPENSATED FOR OVERTIME WAGES. ("FLSA Collective" or "FLSA Collective Members").**

48. At all times hereinafter mentioned, HZ Ops has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At all times hereinafter mentioned, HZ Ops has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50. At all times hereinafter mentioned, HZ Ops has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51. During the respective periods of Plaintiffs' employment by HZ Ops, these individuals provided services for HZ Ops that involved interstate commerce for purposes of the FLSA.

52. In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiffs are (or were) **_non-exempt_** employees who worked for HZ Ops and were engaged manufacturing, distributing, or selling goods in the stream of commerce. *See* 29 U.S.C. § 203(j).

54. At all times hereinafter mentioned, Plaintiffs are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

55. In violating the FLSA, HZ Ops acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

## IV. CAUSES OF ACTION

**A. Individual Claims as to Plaintiff Howard:**

### COUNT ONE:

### VIOLATION OF TEXAS MINIMUM WAGE ACT
### TEX. LAB. CODE § 62.051

56. All previous paragraphs are incorporated as though fully set forth herein.

57. According to Texas law, an employer must pay an employee the federal minimum wage.

58. At all times relevant to this Complaint, the Texas minimum wage for non-exempt employees was $7.25 per hour.

59. Defendant violated the Texas Minimum Wage Act by not paying the Plaintiff Howard the required federal minimum wage for all hours worked between November 2018 and February 2018. In fact, she not paid at all for nearly two (2) months of her employment.

60. Accordingly, Plaintiff Howard is entitled to wages for all hours worked pursuant in an amount equal to their regular rate of pay, plus liquidated damages, attorneys' fees and costs. *See* Tex. Lab. Code § 62.201; Tex. Lab. Code § 62.205.

WHEREFORE, on Count I of this Complaint, Plaintiff Howard demands judgment against Defendant and prays for: (1) unpaid minimum wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Tex. Lab. Code § 62.205; (4) a declaration that Defendant violated Texas law by failing to pay Plaintiff Howard the minimum wage; and (5) such other relief as the Court deems just and proper.

## COUNT TWO:

### VIOLATION OF TEXAS PAYDAY ACT: FAILURE TO PAY EMPLOYEE TEX. LAB. CODE § 61.018

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Tex. Lab. Code § 61.018 states that employers may not withhold or divert any part of an employee's wages unless the employer has specific authorization.

63. Defendant did not pay the Plaintiff Howard wages for all hours worked as she calculated that she was underpaid according to her hours worked. In the three months that she worked for the Defendant, she was paid once in the form of a VISA card with $120.00.

64. Defendant violated the Payday Act by not sufficiently paying Plaintiff Howard for hours worked either by a failure to pay or improper deduction. *See* Tex. Lab. Code § 61.018; Tex. Lab. Code § 61.019.

65. Accordingly, Plaintiff Howard is entitled to file a wage claim and receive payment for wages owed. *See* Tex. Lab. Code § 61.051.

WHEREFORE, on Count II of this Complaint, Plaintiff Howard demands judgment against Defendant and pray for: (1) a declaration that Defendant violated Texas law by failing to pay Plaintiff Howard; and (2) such other relief as the Court deems just and proper.

## COUNT THREE:

**VIOLATIONS OF TEXAS LABOR ACTS: FAILURE TO PROVIDE A STATEMENT OF WAGES**
**TEX. LAB. CODE § 62.003**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. The Texas law requires employers to give each employee a written earnings statement covering the pay period, typically referred to pay stubs.

68. During times relevant to this action, Defendant violated this provision by not providing the Plaintiff Howard with any pay stubs or statement of earnings.

69. As Defendant failed to keep records as required pursuant to Tex. Lab. Code §62.003, this Court should enter an Order finding Defendant violated Tex. Lab. Code §62.003.

WHEREFORE, on Count III of this Complaint, Plaintiff Howard demands judgment against Defendant and pray for: (1) a declaration that Defendant violated Texas law by failing to provide Plaintiff Howard with a statement of wages and (2) such other relief as the Court deems just and proper.

## COUNT FOUR:

**VIOLATION OF THE FLSA: RETALIATION CLAIM**
**29 U.S.C. § 215(a)(3)**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. At all times material to this Complaint, Defendant employed Plaintiff Howard within the meaning of 29 U.S.C. § 203(g).

72. Defendant unlawfully discriminated against Plaintiff Howard after she complained to Defendant about their refusal to compensate her after weeks of working without pay.

73. Defendant unlawfully retaliated against Plaintiff Howard pursuant to 29 U.S.C. § 215(a)(3) when they terminated her employment in February of 2019 after she complained to the corporate office about her lack of compensation.

74. Defendant knowingly and willfully violated the FLSA by 1) refusing to pay her for hours worked and 2) by terminating her employment.

WHEREFORE, on Count IV of this Complaint, Plaintiff Howard demands judgment against Defendant and pray for: (1) a declaration that Defendant violated the FLSA by retaliating against Plaintiff Howard and (2) such other relief as the Court deems just and proper.

### COUNT FIVE:

### VIOLATIONS OF TEXAS LABOR CODE: FAILURE TO PROVIDE ADEQUATE FORM OF COMPENSATION
### TEX. LAB. CODE § 61.016

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Tex. Lab. Code § 61.016 requires that an employee must agree in writing to accept part or all of their wages in any other form than United States currency.

77. Defendant 'paid' the Plaintiff Howard on a VISA card which is not a form of US Currency.

78. Plaintiff Howard never gave permission, or had it explained to her that this would be the method by which she received payment.

79. As Defendant failed to properly compensation Plaintiff Howard as required pursuant to Tex. Lab. Code § 61.016, this Court should enter an Order finding Defendant violated Tex. Lab. Code § 61.016 by failing to execute a proper form of payment.

WHEREFORE, on Count V of this Complaint, Plaintiff Howard demands judgment against Defendant and pray for: (1) a declaration that Defendant violated the Texas Wage Acts by failing to properly execute a proper form of payment for Plaintiff Howard and (2) such other relief as the Court deems just and proper.

**B. Collective and Class Claims:**

**COUNT ONE:**

**VIOLATION OF FLSA: FAILURE TO PAY FEDERAL MINIMUM WAGE
29  U.S.C. § 206**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek. *See* 29 U.S.C. § 206(a)-(b).

82. Defendant failed to pay Plaintiffs and other similarly situated employees minimum wage for all hours worked, in violation of the FLSA. In violating the FLSA, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

83. Defendant violated the FLSA, 29 U.S.C. § 206, by not paying Plaintiffs and other similarly situated employees adequately for all hours worked. Plaintiffs and similarly situated employees suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though, Defendant is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

84. Plaintiff Howard worked for approximately two (2) months without proper pay, in violation of the federal minimum wage mandate. Defendant is a sophisticated party and employer, and therefore knew (or should have known) its policies violated the FLSA. The decision and practice by Defendant to not pay minimum wage for all hours worked was neither reasonable nor in good faith.

85. Plaintiffs Bush and Roberson and other similarly situated employees worked off-the-clock continually and were not compensated at a rate of at least the federal minimum wage.

86. Accordingly, Plaintiffs and other similarly situated employees are entitled to wages for all hours worked pursuant to the FLSA in an amount equal to their regular rate of pay, plus damages, attorneys' fees and costs. 29 U.S.C. § 216(b).

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray for: (1) unpaid minimum wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant violated the FLSA by failing to pay Plaintiffs and similarly situated employees minimum wage; and (6) such other relief as the Court deems just and proper.

## COUNT TWO:

### VIOLATION OF THE FLSA: FAILURE TO PAY OVERTIME
### 29 U.S.C. § 207

87. All previous paragraphs are incorporated as though fully set forth herein.

88. Defendant is required under the FLSA, 29 U.S.C. § 207, to pay wages to Plaintiffs and other similarly situated employees at a rate no less than one-and-one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

89. Defendant willfully failed and refused to pay Plaintiffs and other similarly situated employees overtime wages, as required under the FLSA, for all hours worked in excess of forty (40) per week.

90. Defendant's willful failure and refusal to pay Plaintiffs and other similarly situated employees overtime wages for all hours worked in excess of forty (40) hours per week in individual workweeks at a rate of at least one and one-half their regular rate violates the FLSA, 29 U.S.C. §§ 207, 255.

91. Moreover, HZ Ops knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

92. Plaintiff Roberson also often worked over forty (40) hours a week. Plaintiff Roberson worked "off the clock" cooking at her station until the next employee could take over the station. This occurred many times a week and typically lasted thirty (30) minutes.

93. HZ Ops knew or should have known its pay practices were in violation of the FLSA.

94. HZ Ops is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

95. The decision and practice by HZ Ops to not pay overtime was neither reasonable nor in good faith.

96. As a result of these willful unlawful practices, Plaintiffs and other similarly situated employees suffered a loss of wages and are entitled to recover unpaid wages for up to four years prior to the filing of their claims, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

WHEREFORE, on Count II of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray for: (1) unpaid minimum wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant violated the FLSA by failing to pay Plaintiffs and all similarly situated overtime wages; and (6) such other relief as the Court deems just and proper.

## COUNT THREE:

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF MMWL
### MO. REV. STAT. § 290.502(3)

97. All previous paragraphs are incorporated as though fully set forth herein.

98. According to the MMWL, an employer must pay an employee the state mandated minimum wage. Section 290.500 R.S.Mo. *et seq*.

99. The Missouri minimum wage was $8.60 an hour in 2019 and $9.45 an hour in 2020.

100. Defendant violated the MMWL by not paying Plaintiffs and other similarly situated employees the legally-required minimum wage.

101. Accordingly, Plaintiffs and other similarly situated employees are entitled to wages for all hours worked pursuant in an amount equal to their regular rate of pay, plus liquidated damages, attorneys' fees and costs.  *See* Mo. Rev. Stat. § 290.527.

WHEREFORE, on Count III of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray for:  (1) unpaid minimum wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by the MMWL; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant violated the FLSA by failing to pay Plaintiffs and all similarly situated employees minimum wage; and (6) such other relief as the Court deems just and proper.

## COUNT FOUR:
### FAILURE TO PAY OVERTIME IN VIOLATION OF MMWL
### MO. REV. STAT. § 290.505

102. All previous paragraphs are incorporated as though fully set forth herein.

103. Defendant is required to pay wages to employees at a rate no less than one-and-one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

104. Defendant failed and refused to pay overtime wages, as required, for all hours worked in excess of forty (40) per week.

105. Plaintiff Roberson also often worked over forty (40) hours a week.  Plaintiff Roberson worked "off the clock" cooking at her station until the next employee could take over the station.  This occurred many times a week and typically lasted thirty (30) minutes.

106. As a result of these willful unlawful practices, Plaintiffs and other similarly situated employees suffered a loss of overtime wages and are entitled to recover unpaid wages for up to two years prior to the filing of their claims, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs. *See* MO. Rev. State. § 290.527.

WHEREFORE, on Count IV of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by the MMWL; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant violated the MMWL by failing to pay Plaintiffs and all similarly situated employees overtime wages; and (6) such other relief as the Court deems just and proper.

## RELIEF SOUGHT

1. Plaintiff respectfully requests judgment as follows:

    A. An Order against Defendant awarding the Plaintiffs damages for the failure to pay the Texas minimum wage and other damages allowed by law;

    B. An Order against Defendant awarding the Plaintiffs damages for the failure to pay the Missouri minimum wage and other damages allowed by law;

    C. An Order finding that the Defendant violated Tex. Lab. Code § 62.003;

    D. An Order against Defendant awarding the Plaintiffs damages for the failure to pay the Federal minimum wage and other damages allowed by law;

    E. An Order against Defendant awarding the Plaintiffs damages for the failure to pay the Federal overtime wage regulations and other damages allowed by law;

    F. An Order finding that the Defendant violated Tex. Lab. Code § 61.016;

    G. An Order finding that the Defendant violated 29 U.S.C. § 215(a)(3):

    H. An Order finding that the Defendant Tex. Lab. Code § 61.018;

I. An Order awarding the Plaintiffs reasonable attorney's fees;

J. An Order against Defendant granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable.

Date: August 19, 2020  Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

*/s/ Russell C. Riggan*
Russell C. Riggan (#53060MO)
Samuel Moore (#58526MO)
130 West Monroe Avenue
Kirkwood, Missouri 63122
Phone: (314) 835-9100
Fax: (314) 735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

-and-

**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**

*/s/ Jessica R. Doogan*
Jessica R. Doogan (OH Bar #0092105)*
Robert E. DeRose (OH Bar #0055214)*
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
Email: jdoogan@barkanmeizlish.com
             bderose@barkanmeizlish.com

-and-

**MANGANO LAW OFFICES CO., L.P.A.**

s/ *Ryan K. Hymore*
Ryan K. Hymore (OH Bar #0080750)*
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Co-Counsel for Plaintiffs*

*pro hac vice applications forthcoming*